UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PHILLIP T. BILLINGSLEY, | ) |
|     Plaintiff, | ) |
| v. | ) CAUSE NO. 1:09-cv-274 |
| CHRIS HOFFMAN and NICHOLAS LICHTSINN, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

The issue currently before the Court in this excessive force case brought under 42 U.S.C. § 1983 is whether counsel for the parties reached a "meeting of the minds" on the material terms of a settlement. The issue arises because the Defendants have filed a Motion to Enforce Settlement Agreement. (Docket # 33.) Because it is clear that some material terms were never discussed—and were only added later by the Defendants during the drafting of the settlement documents—the Motion will be DENIED.

### I. Factual and Procedural History

On September 3, 2010, Carolyn Trier, counsel for the Defendant police officers, engaged in oral settlement negotiations with Christopher Myers, counsel for the Plaintiff, Phillip T. Billingsley. The details of the discussion are not mentioned, but essentially Trier claims that Myers agreed to accept $600.00 to settle "all claims as well as all attorney fees and costs." (Trier Aff. ¶ 4.) Later that day, Trier sent Myers a letter confirming "that we have settled this case for $600.00" and that she would "prepare the necessary settlement documents." (Trier Aff. Ex. C.)

Trier then sent Myers a "Release and Hold Harmless Agreement" ("the Agreement"). (Docket # 33-1.) The Agreement recites that Billingsley was to accept $600.00 for all damages

growing out of the alleged use of excessive force, and in return, will provide a "complete release . . . of all claims of every kind and character which [Billingsley] has ever had, or may in the future have against the City of Fort Wayne, the Fort Wayne Police Department, [ ]Hoffman, and [ ] Lichtsinn ([described as "the Released Parties"]) . . . growing out of the disputed incident." Similarly, the Agreement goes on to require Billingsley to "release . . . the Released Parties from any and all claims of any nature . . . arising from this incident."

In addition, the Agreement affirmatively imposes upon Billingsley the obligation to "indemnify, defend, and hold the Released Parties harmless from any and all liens, (including Medicare/Medicaid), subrogation interests or third party actions for medical, hospital, surgical, nursing, or other health care expenses and costs."

Billingsley balked at signing the Agreement, however, apparently because of a concern that the scope of the settlement extended to a non-party, the City of Fort Wayne, and possibly because he feared it would extinguish claims falling outside those actually pled in his complaint. (Pl.'s Resp. ¶ 2.) Hoffman and Lichtsinn, however, maintain that Myers was authorized to settle the case and did so, and that Billingsley should be required to accept the settlement and dismiss his case. The Court turns to that issue.

## II. Standard of Review

An agreement to settle claims in a federal court is enforceable "just like any other contract." *Dillard v. Starcon Int'l, Inc*., 483 F.3d 502, 506 (7th Cir. 2007). "Issues regarding the formation, construction, and enforceability of a settlement agreement are governed by local contract law"—in this case, Indiana. *Pohl v. United Airlines, Inc*., 213 F.3d 336, 338 (7th Cir. 2000). Under Indiana law, an agreement to settle a lawsuit is generally enforceable. *Zimmerman*

*v. McColley*, 826 N.E.2d 71, 76-80 (Ind. Ct. App. 2005) (enforcing an oral settlement agreement in personal injury case). A settlement agreement does not need to be written to be enforceable. *Id.* at 77 n.1. *See also Vernon v. Acton*, 732 N.E.2d 805, 809 (Ind. 2000). "Settlement agreements are governed by the same general principles of contract law as any other agreement," and thus require "[a]n offer, acceptance, [and] consideration." *Zimmerman*, 826 N.E.2d at 76.

In addition, "[a] meeting of the minds of the contracting parties, having the same intent, is essential to the formation of a contract." *Id.* at 77. "The failure to demonstrate agreement on essential terms of a purported contract negates mutual assent and hence there is no contract." *Ochoa v. Ford*, 641 N.E.2d 1042, 1044 (Ind. Ct. App. 1994); *see also Schuler v. Graf*, 862 N.E.2d 708, 715 (Ind. Ct. App. 2007) ("If a party cannot demonstrate agreement on one essential term of the contract, then there is no mutual assent and no contract is formed.") (quotation marks omitted). Whether a meeting of the minds exists "is a factual matter to be determined from all the circumstances," and the Court should not consider "the parties' subjective intents but [rather] their outward manifestation of it." *Zimmerman*, 826 N.E.2d at 77; *Schuler*, 862 N.E.2d at 715.

### III. Discussion

Applying the principles just recited, it is apparent that Hoffman and Lichtsinn have produced no evidence demonstrating a meeting of the minds as to two material terms of the Agreement—the indemnification clause and the release of all other claims (and any potential non-parties) arising from the incident. Overall, the record is scant, but in her affidavit, Trier states that: "Myers agreed to settle [the Plaintiff's] lawsuit for $600.00 and that the $600.00 included all claims as well as attorney fees and costs." (Trier Aff. ¶ 4.) Notably absent from the purported discussion, however, was any mention—let alone an agreement—concerning

3

Billingsley indemnifying Hoffman and Lichtsinn for third-party claims concerning his medical care and treatment or any indication that the release would run to non-parties.[1]

A contract term that would impose indemnification responsibilities on an individual is certainly material. *See generally Trans-Aire Int'l, Inc. v. N. Adhesive Co.*, 882 F.2d 1254, 1262 (7th Cir. 1989) (applying Illinois law, noting that an indemnification clause added to contract was a "material alteration", and declining to enforce clause where there was no evidence of mutual assent). Accordingly, without any evidence that Billingsley (or Myers on his behalf) agreed to the indemnification clause, there is no enforceable settlement agreement.

Moreover, there is no showing that Trier and Myers had a meeting of the minds concerning a potential release of any other claims other than those already in the case or those which could possibly be asserted against Hoffman and Lichtsinn. More to the point, unlike what Trier and Myers purportedly agreed to, the Agreement has Billingsley releasing unspecified claims against the City of Fort Wayne arising out of the incident—an entity (and claims) never in "this case." The overarching problem here, of course, is that Hoffman and Lichtsinn have failed to produce any evidence that this term was ever discussed during the settlement negotiations, or, more importantly, that Billingsley (or Myers on his behalf) ever agreed to it. Without mutual assent to this material term, there is no enforceable settlement agreement. *See Schuler*, 862 N.E.2d at 715; *Wallem v. CLS Indus., Inc.*, 725 N.E. 2d 880, 883 (Ind. Ct. App. 2000); *cf. MH Equity Managing Member, LLC v. Debra K. Sands*, — N.E. 2d —, 2010 WL 4852586, at *6 (Ind. Ct. App. Nov. 30, 2010) (finding an enforceable settlement agreement because parties

---

[1] Counsel was afforded the opportunity to supplement the record to demonstrate the customary nature of the indemnification clauses and the expansive release to show that they were essentially implied terms of the contract, but she declined to do so.

agreed to all material terms).

With the apparent lack of mutual assent on two essential terms of the Agreement, there is no enforceable settlement. *See Schuler*, 862 N.E.2d at 715; *Ochoa*, 641 N.E.2d at 1044. Accordingly, the Defendants' Motion to Enforce Settlement Agreement (Docket # 33) must be denied.

### IV. Conclusion

Accordingly, because the lawyers for the parties never reached a settlement, the Motion to Enforce Settlement (Docket # 33) is DENIED. The parties are, of course, free to continue negotiations in an effort to settle this case. The Court sets this matter for a further scheduling conference on January 31, 2011, at 8:15 a.m. The Court will contact Phillip T. Billingsley at his place of incarceration so he can participate in any settlement discussions with his counsel present. Counsel are to be present in person.

SO ORDERED.

Enter for January 5, 2011

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge